IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV - 9 2009

Clerk, U.S. District and Bankruptcy Courts

| | |
|---|---|
| **INTREXON CORPORATION,**<br>1872 Pratt Drive<br>VTCRC Suite 1400<br>Blacksburg, Virginia 24060<br><br>Plaintiff,<br>v.<br><br>**HON. DAVID KAPPOS,**<br>Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,<br>Office of General Counsel, United States Patent and Trademark Office,<br>P.O. Box 15667,<br>Arlington, Virginia 22215<br>and<br>Madison Building East, Rm. 10B20<br>600 Dulany Street<br>Alexandria, Virginia 22314<br><br>Defendant. | Civil Action No.:<br><br>Case: 1:09-cv-02106<br>Assigned To : Walton, Reggie B.<br>Assign. Date : 11/9/2009<br>Description: Admin. Agency Review |

## COMPLAINT

Plaintiff Intrexon Corporation ("Intrexon"), through its undersigned attorneys, for its Complaint against the Honorable David Kappos, in his official capacity as Under Secretary of Commerce for Intellectual Property and as Director of the United States Patent and Trademark Office (the "Director"), alleges as follows:

1

## NATURE OF THE ACTION

1. Intrexon owns the entire right, title and interest in and to U.S. Patent No. 7,531,326 ("the '326 patent"), entitled "Chimeric Retinoid X Receptors And Their Use In A Novel Ecdysone Receptor-Based Inducible Gene Expression System." The named inventors of U.S. Patent Application No. 10/468,199 ("the '199 application") are Marianna Zinovjevna Kapitskaya and Subba Reddy Palli. The '199 application issued as the '326 patent on May 12, 2009. A true and correct copy of the '326 patent is attached to this Complaint as Exhibit A.

2. This is an action by Intrexon for review of the Director's wrongful determination of the patent term adjustment for the '326 patent, set at 193 days, pursuant to 35 U.S.C. § 154(b)(3)(B). Intrexon seeks a judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment for the '326 patent be changed from 193 days to 671 days.

3. This action arises under 35 U.S.C. § 154(b)(4)(A) and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## THE PARTIES

4. Intrexon is a Virginia corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business at 1872 Pratt Drive, VTCRC Suite 1400, Blacksburg, Virginia 24060.

5. The Director is responsible for superintending or performing all duties required by law with respect to the granting and issuing of patents and is designated by statute as the official responsible for determining the period of patent term adjustments under 35 U.S.C. § 154.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action and is authorized to issue the requested relief pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361; 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

7. Venue is proper in this district pursuant to 35 U.S.C. § 154(b)(4)(A).

8. This Complaint is timely filed within 180 days of the grant of the '326 patent in accordance with 35 U.S.C. § 154(b)(4)(A).

## LEGAL FRAMEWORK FOR CALCULATING PATENT TERM ADJUSTMENTS

9. Section 154 of title 35 of the United States Code requires the Director of the USPTO to grant a patent term adjustment in accordance with the provisions of section 154(b). 35 U.S.C. § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

10. In calculating the patent term adjustment, the Director is required to take into account United States Patent and Trademark Office ("USPTO") delays under 35 U.S.C. § 154(b)(1), any overlapping periods in the USPTO delays under 35 U.S.C. § 154(b)(2)(A) and any applicant delays under 35 U.S.C. § 154(b)(2)(C).

11. Under 35 U.S.C. § 154(b)(4)(A), "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after the grant of the patent. Chapter 7 of title 5 shall apply to such action."

## CLAIM FOR RELIEF

12. The allegations of paragraphs 1-11 above are repeated and re-alleged as if set forth fully herein.

**A.   The Director's Inaccurate Calculation For The Patent Term Adjustments.**

13. The patent term adjustment for the '326 patent, as determined by the Director under 35 U.S.C. § 154(b) and stated on the face of the '326 patent, is 193 days. *See* Exhibit A at 1. The Director's determination of the 193-day patent term adjustment is wrong because the Director ignored the requirement set forth in 35 U.S.C. § 154(b)(1)(B) to account properly for the delays that occurred from the date that was three years after the actual filing date of the '199 application to the date that the '326 patent issued, excluding the period of time following any Request for Continued Examination ("RCE").

**B.   The Correct Calculation For The Patent Term Adjustments.**

14. The correct patent term adjustment for the '326 patent is 671 days. The '199 application commenced entry into the U.S. National Stage on August 20, 2003, from International Application No. PCT/US02/05706, having an international filing date of February 20, 2002, and later issued as the '326 patent on May 12, 2009. On December 17, 2003, all requirements under 35 U.S.C. § 371 were fulfilled in the '199 application. An RCE was filed in the '199 application on December 11, 2007.

   *1.   The "A Delay Period"*

15. Under 35 U.S.C. § 154(b)(1)(A), the number of days attributable to the USPTO examination delay ("A Delay") is 481 days due to the USPTO's failure to adhere to 35 U.S.C. § 132 and mail an office action within 14 months of the date on which the '199 application fulfilled the requirements of 35 U.S.C. § 371. In this case, the A Delay period consists of the 481 days

4

from February 17, 2005 (14 months after December 17, 2003, the date on which the '199 application fulfilled the requirements of 35 U.S.C. § 371) to June 13, 2006 (the mailing date of the First Office Action).

  2.  *The "B Delay Period"*

16. Under 35 U.S.C. § 154(b)(1)(B), Intrexon is entitled to an additional adjustment of the term of the '326 patent for the number of days attributable to the USPTO's "failure . . . to issue a patent within three years after the [date on which the National Stage commenced in an international application]," but not including "any time consumed by continued examination of the application requested by the applicant under section 132(b)" ("B Delay"). *See also* 37 C.F.R. § 1.703(b). The B Delay period consists of the period commencing August 20, 2006 (three years after the date of the commencement of the U.S. National Stage of the '199 application) until the issue date of the '326 patent, excluding the period between December 11, 2007 (the filing date of the RCE) and May 12, 2009 (the issue date of the '326 patent). The B Delay is 478 days.

  3.  *Appropriate Deductions and Limitations*

17. Under 35 U.S.C. § 154(b)(2)(C), the number of days of applicant delay is 288 days.

18. 35 U.S.C. § 154(b)(1)(B) states that "to the extent . . . periods of delay attributable to grounds specified in paragraph [154(b)(1)] overlap, the period of any adjustment granted under this subsection shall not exceed the actual number of days the issuance of the patent was delayed." For the '326 patent, there was no overlap between the periods of Office delay under 35 U.S.C. §§ 154(b)(2)(A) and 154(b)(2)(B). Therefore, in the absence of an overlap period, zero days should be excluded from the determination of patent term adjustment for the '326 patent.

19.     35 U.S.C. § 154(b)(2)(B) states that "[n]o patent the term of which has been disclaimed beyond a specified date may be adjusted under this section beyond the expiration date specified in the disclaimer." The '326 patent is not subject to a terminal disclaimer. Thus, the patent term adjustment of the '326 patent should be 671 days.

    *4. Applying the Formula Correctly*

20.     The patent term adjustment under 35 U.S.C. § 154(b)(1) is the sum of the "A Delay" and "B Delay" (481 + 478 = 959) reduced by the number of days for applicant delay (288 days) and overlap days (0 days) (959 - 288 = 671).

21.     Accordingly, the correct patent term adjustment for the '326 patent under 35 U.S.C. § 154(b)(1) and (2) is 671 days. Intrexon should receive an additional 478 days of patent term adjustment for a total adjustment of 671 days (193 + 478 = 671).

    *5. The Director's Calculations Ignore This Court's Pronouncements On The Correct Way to Calculate Patent Term Adjustments.*

22.     The Director's determination that the period of patent term adjustment for the '326 patent is only 193 days conflicts with this Court's judgment in *Wyeth v. Dudas*, 580 F.Supp.2d 138 (D.D.C. 2008). The Director erred in the determination of patent term adjustment by only considering the greater of Delay A and Delay B, rather than adding Delay A and Delay B together and subtracting the period of overlap (which, in this case, is zero days).

23.     In *Wyeth*, this Court explained the proper construction of the provisions of 35 U.S.C. § 154(b) for patent term adjustment. In accordance with *Wyeth*, the patent term adjustment for the '326 patent is properly determined to be 671 days, as set out above.

24.     The Director's determination that the '326 patent is entitled to only 193 days of patent term adjustment is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and in excess of statutory jurisdiction, authority, or limitation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Intrexon respectfully prays that this Court:

A.  Issue an Order changing the period of patent term adjustment for the '326 patent from 193 days to 671 days, and requiring the Defendant to alter the term of the '326 patent to reflect the 671-day patent term adjustment; and

B.  Award Plaintiff Intrexon any further relief that this Court may deem appropriate.

Respectfully submitted,

INTREXON CORPORATION

Date: November 9, 2009          By: _____

Mark Fox Evens (D.C. Bar No. 343723)
Byron L. Pickard (D.C. Bar No. 499545)
Jeremy M. Klass (D.C. Bar No. 979990 )
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Avenue, NW
Washington, D.C.  20005-3934
(202) 371-2600
*Attorneys for Plaintiff*